UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-61658-Civ-LENARD
      (07-60038-Cr-LENARD)
MAGISTRATE JUDGE P. A. WHITE

EDWARD EASTON,                 :

          Movant,             :

v.                            :          REPORT OF
                                       MAGISTRATE JUDGE
UNITED STATES OF AMERICA   :

          Respondent.         :
_____

Introduction

     This matter is before this Court on the movant's motion to
vacate pursuant to 28 U.S.C. §2255, attacking his convictions and
sentences for attempt to receive child pornography and possession
of child pornography entered following a guilty plea in case
no. 07-60038-Cr-Lenard.

     The Court has reviewed the motion (Cv-DE#1) with supporting
letters (Cv-DE#s10-11), the government's response (Cv-DE#8) with
multiple exhibits, the Presentence Investigation Report (PSI), and
all pertinent portions of the underlying criminal file.

     Construing the movant's claims liberally as afforded *pro
se* litigants, pursuant to Haines v. Kerner, 404 U.S. 419 (1972),
the movant appears to raise the following claims:

          1.   His convictions are unlawful because the
               sex offender statutes unconstitutional as
               they criminalize people "who at best are
               merely curious" and "at worst, are merely
               fantasizing" about sexually explicit

conduct with minors. (Cv-DE#1:5).

2.   The government lacked probable cause to
     raid the database of a computer server
     which processes private information for
     multiple sites, and then utilize the
     fruits of that raid to target thousands
     of citizens. (Cv-DE#1:6).

3.   The movant, like actors, artists, and
     writers, was the subject of unlawful
     entrapment. (Cv-DE#1:8).

4.   The warrant was fatally defective in that
     it directed the seizure of material
     protected by the First Amendment, and
     thus should have been suppressed under
     the "fruit of the poisonous tree"
     doctrine. (Cv-DE#1:9).

5.   He was denied effective assistance of
     counsel, where his lawyer:

     a)   counseled him to plead guilty in the
          hopes of obtaining a suspended
          sentence, and

     b)   failed to challenge, prior to the
          change of plea, the validity of the
          charges on the bases asserted in
          this collateral proceeding. (Cv-
          DE#1).

6.   The government mislabeled evidence to
     support a harsher sentence, in that 48
     videos of child pornography were actually
     downloaded from an adult pornography
     internet site whose home web-pages
     contained disclaimers that all models
     depicted therein were 18 years and older
     at the time of filming. (Cv-DE#1).

     It should be noted that most of the movant's claims could have

been, but were not raised on direct appeal. Notwithstanding,

construing the arguments made by the movant in support of claim

2

five (b), he appears to argue that counsel was ineffective for failing to pursue the claims either prior to sentencing or on direct appeal. A claim of ineffective assistance of counsel may constitute cause for failure to previously raise the issue. <u>United States v. Breckenridge</u>, 93 F.3d 132 (4 Cir. 1996). Attorney error, however, does not constitute cause for a procedural default unless it rises to the level of ineffective assistance of counsel under the test enunciated in <u>Strickland v. Washington</u>, 466 U.S. 668 (1984); <u>Murray v. Carrier</u>, 477 U.S. 478, 488 (1986). Each of the claims will therefore be identified and treated in turn in this Report, *infra*.

<u>Procedural History</u>

The procedural history of the underlying criminal case reveals that the movant was charged by Indictment with receiving and attempting to receive material containing child pornography, to-with, five digital video disks that had been mailed, shipped, and transported in interstate commerce depicting minors engaging in sexually explicit conduct, the production of which involved the use of one or more minors engaging in sexually explicit conduct, in violation of 18 U.S.C. §2251A(a)(2) and 2252A(b)(1) (Count 1), and possessing material containing child pornography, that is, five digital video disks that had been mailed, shipped, and transported in interstate commerce depicting minors engaged in sexually explicit conduct, the production of which involved the use of one or more minors engaged in sexually explicit conduct, in violation of 18 U.S.C. §§2251A(a)(5)(B) and (b)(2) (Count Two). (Cr-DE#10).

After receiving from the government four responses to the court's standing discovery order, the movant pled guilty as charged without the benefit of a written plea agreement. (Cr-DE#25,40). On

3

August 31, 2007, the movant was sentenced to two concurrent terms of 97 months in prison, followed by supervised release for life. (Cr-DE#30,41,41). No direct appeal was filed. (Cv-DE#1:3). This motion to vacate was timely filed within the one-year federal limitations period on November 8, 2007.[1]  (Cv-DE#1).

## Waiver of Claims

Before turning to a discussion of the claims on the merits, it should first be noted that the movant waived his right to contest all nonjurisdictional defects and defenses, when he entered a knowing and voluntary guilty plea. In **claims one, two, three, four, and six**, as listed above, the movant challenges the constitutionality of the offenses, the lack of probable case, the sufficiency or legality of the evidence seized, the fact that he was entrapped, and the harshness of his sentence. Where a criminal defendant enters a knowing, voluntary, and intelligent plea of guilty to an offense or offenses, he waives, or more accurately, forfeits all non-jurisdictional defects and defenses, which includes the defense of entrapment. See United States v. Broce, 488 U.S. 563 (1989); McMann v. Richardson, 397 U.S. 759 (1970) (voluntary guilty plea waives all non-jurisdictional defects); United States v. De La Garza, 516 F.3d 1266, 1271 (11th Cir. 2008), quoting, Wilson v. United States, 962 F.2d 996 (11th Cir. 1992)(claim of ineffective assistance of counsel relating to pre-plea issues waived by voluntary guilty plea); McCoy v. Wainwright, 804 F.2d 1196, 1198 (11th Cir. 1986)(voluntary guilty plea waives all non-jurisdictional defects); see also, United States v. Glinsey, 209 F.3d 386, 392 (5th Cir. 2000), citing, United States

---

[1]The motion and supporting certificate of filing are unsigned and undated. The date used for purposes of determining the filing date is the date received by the Clerk of Court. Regardless, the date of execution is of no import as the motion appears to have been timely filed.

v. Smallwood, 920 f.2d 1231, 1240 (5th Cir. 1991); Smith v. United States, 447 F.2d 487, 488 (5th Cir. 1971), citing, Hayes v. Smith, 447 F.2d 488 (5th Cir. 1971). "This includes claims of ineffective assistance of counsel except insofar as the ineffectiveness is alleged to have rendered the guilty plea involuntary." United States v. Glinsey, 209 F.3d at 392.

To ensure that a plea is voluntary and knowing, Fed.R.Cr.P. 11(b)(1) states that "the court must address the defendant personally in open court before accepting the plea and inform the defendant of, and determine that the defendant understands . . . the nature of each charge to which the defendant is pleading." Gordon v. United States, 496 F.3d 1270, 1277 (11th Cir. 2007). The rule imposes upon a district court the obligation and responsibility to conduct a searching inquiry into the voluntariness of a defendant's guilty plea. Id. (citations omitted).

Thus, "[a] court accepting a guilty plea must comply with Rule 11 and specifically address three 'core principles,' ensuring that a defendant (1) enters his guilty plea free from coercion, (2) understands the nature of the charges, and (3) understands the consequences of his plea." United States v. Moriarty, 429 F.3d 1012, 1019 (2005). In Moriarty, the Eleventh Circuit specifically held as follows:

> [t]o ensure compliance with the third core concern, Rule 11(b)(1) provides a list of rights and other relevant matters about which the court is required to inform the defendant prior to accepting a guilty plea, including: the right to plead not guilty (or persist in such a plea) and to be represented by counsel; the possibility of forfeiture; the court's authority to order restitution and its

> obligation to apply the Guidelines; and the
> Government's right, in a prosecution for
> perjury, to use against the defendant any
> statement that he gives under oath.

Id.

Review of the change of plea proceedings reveals that the court conducted a thorough Rule 11 proceeding. (Cr-DE#40). At that time, the movant acknowledged under oath[2] that he was satisfied with counsel's representation, and that he had discussed the indictment, the government's case, and the nature of the charges with counsel prior to the change of plea. (Id.:6,25). The court advised and the movant acknowledged the potential consequences of entering a guilty plea. (Id.:6-9). The movant also denied being forced, threatened or coerced into changing his plea, and denied being made any representations in order to convince him to plead guilty. (Id.24). The court further advised the movant of the essential elements of the offenses, as well as, the fact that as to Count 1, the statutory maximum is 20 years in prison, and as to Count 2, the maximum is 10 years in prison. (Id.:7-9,19).

On the record before this court, it is evident that the movant understood the facts and the elements of the offense upon which the charges rested. Moreover, by way of entering into the negotiated plea agreement, the movant was telling his lawyer not to conduct any further investigation and not present at a trial proceeding any legal defenses that he may be entitled to as it relates to his

---

[2]The law is clear that "solemn declarations in open court carry a strong presumption of verity," forming a "formidable barrier in any subsequent collateral proceedings." Blackledge v. Allison, 431 U.S. 63, 73-74 (1977); United States v. Rogers, 848 F.2d 166, 168 (11th Cir. 1988). The subsequent presentation of conclusory allegations, unsupported by specifics, is subject to summary dismissal, as are contentions which in the face of the record are wholly incredible. Machibroda v. United States, 368 U.S. 487 (1962).

case. Under these circumstances, no showing has been made that the plea was anything but knowing and voluntary. Therefore, the movant's knowing and voluntary guilty plea waived all non-jurisdiction defects and defenses. Thus, he is not entitled to review of claims one, two, three, four, and six, as listed above in this collateral proceeding. Notwithstanding, the claims will be addressed briefly on the merits below.

### Discussion of Claims

As noted above, the movant raises multiple claims, each of which will be individually identified and treated in turn in this Report. In order to prevail on a claim of ineffective assistance of counsel, the movant must establish: (1) deficient performance - that his counsel's representation fell below an objective standard of reasonableness; and (2) prejudice - but for the deficiency in representation, there is a reasonable probability that the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668 (1984); Chandler v. United States, 218 F.3d 1305 (11th Cir. 2000)(en banc). The standard is the same for claims of ineffective assistance on appeal. Matire v. Wainwright, 811 F.2d 1430, 1435 (11 Cir. 1987). A court may decline to reach the performance prong of the standard if it is convinced that the prejudice prong cannot be satisfied. Id. at 697; Waters v. Thomas, 46 F.3d 1506, 1510 (11 Cir. 1995). Prejudice in the sentencing context requires a showing that the sentence was increased due to counsel's error. Glover v. United States, 531 U.S. 198, 203-204 (2001).

In the context of a case in which guilty pleas or the equivalent were entered, application of the second prong of the two-prong Strickland standard requires a showing that there is a

reasonable probability that but for counsel's errors, the defendant would not have pleaded guilty and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52 (1985). The movant claims that but for counsel's alleged deficient performance, he would not have pleaded guilty and would have proceeded to trial. (Cv-DE#11).

Moreover, review of counsel's conduct is to be highly deferential. Spaziano v. Singletary, 36 F.3d 1028, 1039 (11 Cir. 1994), and second-guessing of an attorney's performance is not permitted. White v. Singletary, 972 F.2d 1218, 1220 ("Courts should at the start presume effectiveness and should always avoid second-guessing with the benefit of hindsight."); Atkins v. Singletary, 965 F.2d 952, 958 (11 Cir. 1992). Because a "wide range" of performance is constitutionally acceptable, "the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." Rogers v. Zant, 13 F.2d 384, 386 (11 Cir. 1994).

In **claim one**, the movant asserts that his convictions are unlawful because the sex offender statutes are unconstitutional as they criminalize people "who at best are merely curious" and "at worst, are merely fantasizing" about sexually explicit conduct with minors. (Cv-DE#1:5).

As will be recalled, the movant was charged with violations of 18 U.S.C. §2251A(a)(2), 18 U.S.C. §2251A(a)(5)(B), 18 U.S.C. §2252A(b)(1), and 18 U.S.C. §2251A(b)(2). (Cr-DE#10). The Child Pornography Prevention Act of 1996 ("CPPA") is part of a comprehensive regulatory scheme criminalizing, the receipt, distribution, sale, production, possession, solicitation and advertisement of child pornography. United States v. Maxwell, 446 F.3d 1210, 1216-17 (11th Cir. 2006). The Eleventh Circuit has

rejected arguments that the CPPA is unconstitutional as applied to defendant's intrastate possession of child pornography, even though there was no evidence that the defendant's conduct was likely to impact interstate commerce. United States v. Maxwell, 446 F.3d at 1217-19.

Thus, even if counsel had sought dismissal of the charges on the basis proffered by the movant here, no showing has been made that the court would have granted the dismissal. To the contrary, at the time of the movant's indictment, 18 U.S.C. §2256(8) defined "child pornography" as:

> any visual depiction, including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct, where --
>
> (A) the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct;
>
> (B) such visual depiction is a digital image, computer image, or computer-generated image that is, or is indistinguishable from, that of a minor engaging in sexually explicit conduct; or
>
> (C) such visual depiction has been created, adapted, or modified to appear that an identifiable minor is engaging in sexually explicit conduct.

See 18 U.S.C. §2256(8) (2007).

Visual depiction includes "undeveloped film and videotape, and data stored on computer disk or by electronic means which is

capable of into a visual image." 28 U.S.C. §2256(5). This definition is neither ambiguous nor vague.

In <u>Ashcroft v. Free Speech Coalition</u>, 525 U.S. 234 (2002), the Supreme Court struck down as overbroad and unconstitutional the words **"or appears to be"** from the definition of child pornography as contained in the prior version of 18 U.S.C. §2256(8)(B) and the entire definition of child pornography in 18 U.S.C. §2256(8)(D). <u>Ashcroft</u>, 535 U.S. at 255-256. <u>Ashcroft</u> left intact however the ban on actual child pornography in the remainder of 18 U.S.C. §2256(8). <u>Ashcroft</u> 535 U.S. at 236-237.

In this case, the statute in effect at the time of the movant's indictment had already been amended to conform to the Supreme Court's ruling in <u>Ashcroft</u>. Thus, no showing has been made that the statute at issue here violates free speech or is otherwise unconstitutional. Therefore, this claim fails on the merits.

Moreover, the images involved in the offense of conviction were of actual minors not computer-generated virtual images. The stipulated facts at the change of plea proceeding reveals that between January 12th and February 7th, 2007, the movant communicated with an undercover office through the U.S. mail, as well as, the Internet, ordering five DVD's, the contents of which depicted minors engaged in sexually explicit conduct. (Cr-DE#40:11-20). The investigation as to the movant commenced after the U.S. Postal Inspection Service received information that an online business, "Orange Bill," was utilized by over 100 websites to process credit card memberships. During the investigation, the Innocent Images International Task Force ("ITF") made an undercover purchase from a website that resulted in the seizure of a web server located in Texas. An analysis of the server revealed a number of linked

database files containing information about customers who purchased membership to various websites processed by Orange Bill from December 2003 through March 2004. One of Orange Bill's customers was the movant.

In December 2007, an undercover postal inspector sent a letter to the movant introducing an undercover company, Shadow Video Productions, catering to the most discriminating collector of exotic forbidden treasures that could not be found in stores. The movant responded, providing the company with his e-mail address, and indicating on the company's inquiry form that he was interested in receiving information on preteen and young teen girls, as well as, incest.

Thereafter, the undercover company provided the movant with an order form and three pages of descriptions of movies available in the requested categories. The movant responded, returning a completed and signed order form, as well as, a personal check for $125.00, requesting five movies in DVD format. The movies were depicted as follows:

No. 1:  Hot one where a dad walks in and digitally penetrates a 10-year-old girl. She then performs oral sex on the dad.

No. 3:  Mom shows her 12-year-old daughter how to satisfy dad. The girl performs oral sex on the dad and allows the dad have intercourse with her.

No. 7:  Incredible video of two women teaching their 8-year-old daughter and 12-year-old son the beauties of masturbation, oral sex and intercourse.

11

> No. 10:   Mom gets her 12-year-old boy ready
>           to satisfy a woman. She masturbates
>           him and gives him a chance to have
>           intercourse with her.
>
> No. 11:   Beautiful     8-year-old girl
>           masturbates dad and performs oral
>           sex on him.

(Cr-DE#40:14-15).

An e-mail was thereafter sent to the address provided by the movant verifying his order and receipt of payment. The movant, however, was required to forward a different check as the one he had provided as payment had an expiration date of December 24, 2006. The movant thereafter forwarded a second check for payment of the DVDs.

After verifying the movant's mailing address with the Florida Driver and Vehicle Information Database, a controlled delivery of the DVDs was done on February 7, 2007, at which time the movant accepted and signed for the package containing the DVDs. Shortly thereafter, the electronic monitoring beeper signaled indicating that the parcel had been opened and the contents removed. At that time, the postal inspector executed a court-authorized anticipatory search warrant at the movant's residence.

The DVDs were recovered from inside a computer room closet. Also seized were the movant's personal computer and other electronic media. A review of the computer revealed that it contained actual images of prepubescent minors, under the age of 12, portraying sadistic, masochistic, and/or violent conduct, and approximately 600 images of child pornography.

Under the circumstances present here, even if counsel had

12

lodged a challenge to the indictment on the bases offered by the movant, no showing has been made that the challenge would have been successful. It is clear that the proscribed conduct passes the <u>Ashcroft</u> test because it falls within the constitutional definition of children pornography. Such conduct is not constitutionally protected. <u>See</u> <u>New York v. Ferber</u>, 458 U.S. 747 (1982); <u>United States v. Richardson</u>, 304 F.3d 1061, 1063 (11th Cir. 2002); <u>see also</u>, <u>United States v. Hersh</u>, 297 F.3d 1233, 1253, n.31 (11th Cir. 2002)(Defendant's conviction for receiving and possessing material containing visual depictions of minors engaged in sexually explicit conduct, in violation of 18 U.S.C. §§2252A(a)(2) and 18 U.S.C. 2252A(a)(5)(B) was not invalidated by the Supreme Court's decision in <u>Free Speech</u> as the images portrayed were real children.). In this case, any challenge to the constitutionality of the statute defining child pornography and visual depiction must fail. Thus, counsel was not ineffective for failing to pursue this nonmeritorious claim.

In **claim two**, the movant asserts that the government lacked probable cause to raid the database of a computer server which processes private information for multiple sites, and then utilize the fruits of that raid to target thousands of citizens. (Cv-DE#1:6). In this case, the movant provides no objective evidence that the seizure of the server was unlawful. Such a bare and conclusory allegation is subject to summary dismissal. <u>Machibroda v. United States</u>, 368 U.S. 487 (1962).

Moreover, given the stipulated facts at the change of plea proceeding, the government had sufficient probable cause as to this case to issue the search warrant, not only of the web server, but also of the movant's home. Thus, the movant has failed to establish either deficient performance or prejudice in this regard. He is

13

therefore entitled to no relief on this claim.

In **claim three**, the movant asserts that he, like actors, artists, and writers, was the subject of unlawful entrapment. (Cv-DE#1:8).

As will be recalled, the movant's knowing and voluntary guilty plea constitutes a waiver of all non-jurisdictional defects and defenses, which includes the defense of entrapment. See Smith v. United States, 447 F.2d 487, 488 (5th Cir. 1971), citing, Hayes v. Smith, 447 F.2d 488 (5th Cir. 1971); Mejia v. United States, 430 F.2d 1273 (5th Cir. 1970); Frye v. United States, 411 F.2d 562 (5th Cir. 1969);  Henderson v. United States, 395 F.2d 209 (5th Cir. 1968).

A successful entrapment defense requires proof of two elements: (1) government inducement of the crime, and (2) lack of predisposition on the part of the defendant. Brown v. United States, 43 F.3d 618, 623 (11th Cir. 1995)(citations omitted).  The defendant bears an initial burden of production to show government inducement. Brown, supra. In order to show government inducement, the defendant must show more than that the agent simply sought out or initiated contact with the defendant and proposed an illicit transaction. United States v. Ventura, 936 F.2d 1228, 1233 (11th Cir. 1991). Rather, the defendant must show that "opportunity plus something like excessive pressure or manipulation of a non-criminal motive." Brown, 43 F.3d at 623. Without some element of "excessive pressure or manipulation," there is no government inducement, and thus no entrapment. Id.

No showing has been made in this collateral proceeding that the undercover officers induced the movant to commit the offenses.

To the contrary, the movant was a willing participant, and there is no evidence of record to suggest that the government coerced the movant into purchasing child pornography, nor did the movant express any reluctance to engage in this illegal venture. To the movant's actions, including the $125.00 payment for delivery of the DVDs containing sexually explicit material involving prepubescent children evidences his agreement to engage in the unlawful activity. The movant was aware of the unlawfulness of his actions, as evidenced by the stipulated facts. All of the facts adduced at the change of plea proceeding inure against a defense of entrapment, and it is unlikely that the movant would have prevailed had he attempted to assert such a defense. Consequently, the movant has failed to satisfy either deficient performance or prejudice pursuant to <u>Strickland</u>, <u>supra</u>., and is therefore entitled to no relief on this claim.

In **claim four**, the movant asserts that the search warrant was fatally defective in that it directed the seizure of material protected by the First Amendment, and thus is precluded under the "fruit of the poisonous tree" doctrine. (Cv-DE#1:9). It is unclear from the movant's allegations which warrant he is contesting was invalid. If he means to argue that the warrant for seizure of the web server was unlawful, that claim is a mere reiteration of the argument raised in connection with claim two above and should be denied for the reasons expressed therein. To the extent the movant means to argue that the warrant for the seizure of evidence from his home was unlawful, that claim is belied by the record which reveals that the agents had probable cause for issuance of the warrant. (<u>See</u> Cr-DE#1; Cr-DE#40). Under these circumstances, no showing has been made that any argument in this regard would have resulted in suppression of evidence. Thus, the movant is entitled to no relief on this claim.

In **claim five(a)**, the movant asserts that he was denied effective assistance of counsel, where his lawyer counseled him to plead guilty in the hopes of obtaining a suspended sentence. (Cv-DE#1). This claim is clearly refuted by the record. (<u>See</u> Cr-DE#40:Change of Plea Transcript).

Even if the facts as alleged by the movant are true, the movant is still entitled to no relief on this claim because any alleged misadvice by counsel regarding the movant's sentence exposure was cured by the court at the change of plea proceeding. During the Rule 11 proceeding, the movant acknowledged that any estimate or promises regarding his sentence was only a prediction; that his sentence would not be determined until after the PSI was prepared; and that the court's failure to follow any sentencing recommendation would not warrant withdrawal of the plea. (Cr-DE#40:23-25).

The law is clear that an inaccurate prediction about sentencing alone will generally not be sufficient to sustain a claim of ineffective assistance of counsel. <u>United States v. Pease</u>, 240 F.3d 938, 940-41 (11th Cir. 2001)(rejecting argument by defendant sentenced as a career offender that his plea was not knowing and voluntary because he had relied on counsel's prediction that his potential sentence under the plea agreement would be anywhere from five to ten years); <u>United States v. Arvanitis</u>, 902 F.2d 489, 494-95 (7th Cir. 1990)(no ineffective assistance where claim based only on inaccurate prediction of sentence). Thus, the movant's post-conviction allegation that he relied upon counsel's misadvice regarding his sentence exposure was cured by the court's colloquy at the change of plea proceeding. Under these circumstances, no deficient performance or prejudice has been established under <u>Strickland</u>. The movant is thus entitled to no

16

relief on this claim.

In **claim five (b)**, the movant asserts that he was denied effective assistance of counsel, where his lawyer failed to challenge prior to the change of plea the validity of the charges as asserted in this collateral proceeding. (Cv-DE#1). As discussed in detail in this Report, no deficient performance or prejudice has been established arising from counsel's failure to pursue the nonmeritorious claims raised in this collateral proceeding. Thus, the movant is entitled to no relief on this claim.

To the extent the movant means to argue that counsel "browbeat a sick old man into pleading guilty," that claim is clearly refuted by the record and warrants no further discussion.

In **claim six**, the movant asserts that the government mislabeled evidence to support a harsher sentence, in that 48 videos of child pornography were actually downloaded from an adult pornography internet site whose home web-pages contained disclaimers that all models depicted therein were 18 years and older at the time of filming. (Cv-DE#1).

Even if the facts as alleged by the movant are correct regarding the disclaimer by the website that the models depicted in their films were 18 years or older, the movant provides no objective evidence in this collateral proceeding that the images in his computer and those contained in the DVDs he purchased were not of actual children under the age of 12. Under these circumstances, this conclusory allegation must fail. Machibroda v. United States, 368 U.S. 487 (1962).

Review of the PSI reveals that the movant's guideline range

17

was enhanced a total of 13 levels, pursuant to U.S.S.G. §2G2.2, because: (1) the material involved portrayed sadistic or masochistic conduct; (2) the offense involved the use of a computer or an interactive computer service for the possession, transmission, receipt, or distribution of the material; (3) the offense involved a prepubescent minor a minor who had not attained the age of 12 years, and (4) because the offense involved 600 or more images. (PSI ¶¶21-24). At sentencing, the court heard statements from family members, argument from the parties, and adopted the calculations as contained in the PSI, thereby tacitly affirming the enhancements, finding in pertinent part:

> ...I'm also required to look at the offense conduct here and must think about the fact that the reason that child pornography and the receipt of child pornography is considered such a serious crime is because there's a 10-year-old girl who, to provide pleasure for this Defendant, was sexually abused. And there's an 8-year-old girl and a 12-year-old boy and another 8-year-old girl and another 12-year-old boy.
>
> Those are the victims of this crime, the children about whom the films are made, who are sexually abused for purposes of making the films.
>
> They are the victims who are not here. They are the unspoken victims....
>
> Having considered all these matters--and I was very moved by each one of the statements by the family -- and having considered the advisory presentence investigation report, which contains the facts of this case and the number of images that were both ordered and received by Mr. Easton [movant] and the number of images that he was in possession of on his computer and having considered the advisory guidelines and the statutory factors set out in Title 18, United States Code, 3553(a)1

18

> through 7, including the nature and
> circumstances of the offenses and the
> characteristics of the Defendant, the
> seriousness of the offense and the need for
> the sentence to provide just punishment,
> adequate deterrence and protection of the
> public, I find that a sentence at the lowest
> end of the guideline range is appropriate....

(Cr-DE#41:30-32).

As will be recalled, the stipulated facts adduced at the change of plea proceeding amply supports the probation officer's enhancements which were ultimately adopted by the district court. Under these circumstances, no showing has been made that even if counsel had filed objections challenging the enhancements at sentencing for the reasons expressed by the movant, the court would have sustained the objections thereby resulting in a less severe sentence. Thus, the movant has failed to establish prejudice pursuant to Strickland and is therefore entitled to no relief on this claim.

To the extent the movant means to argue in this collateral proceeding that he is being denied proper medical care, or otherwise seeks to challenge the conditions of his confinement, that claim is not cognizable in this collateral proceeding, and should be filed as a civil rights action pursuant to Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971).

Finally, the movant's request for an evidentiary hearing on his claims of ineffective assistance of counsel should be denied. A hearing is not required on patently frivolous claims or those which are based upon unsupported generalizations or affirmatively contradicted by the record. See Holmes v. United States, 876 F.2d 1545, 1553 (11th Cir. 1989), citing, Guerra v. United States, 588

19

F.2d 519, 520-21 (5th Cir. 1979). As previously discussed in this Report, the claims raised are unsupported by the record or without merit. Consequently, no evidentiary hearing is required.

<u>Conclusion</u>

It is therefore recommended that this motion to vacate sentence be denied.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

Signed this 2nd day of June, 2008.

_____
UNITED STATES MAGISTRATE JUDGE

cc: Edward Easton, <u>Pro Se</u>
    Reg. No. 77237-004
    F.C.I.-Tallahassee
    501 Capital Circle, N.E.
    Tallahassee, FL 32311

    Robin Waugh-Farretta, AUSA
    U.S. Attorney's Office
    500 East Broward Boulevard
    7th Floor
    Fort Lauderdale, FL 33394